1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SCOTT RICHARD PRICE,                      No.  2:23-cv-0731 DAD AC P

12                    Plaintiff,

13        v.                                   ORDER AND FINDINGS AND
                                               RECOMMENDATIONS
14   WARDEN,

15                    Defendant.

16

17        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

18   has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19        I.        Procedural History

20        After plaintiff initiated this action, the court found that though he had used the form for a

21   petition for writ of habeas corpus, he appeared to be attempting to bring a civil rights action

22   pursuant to 42 U.S.C. § 1983.  ECF No. 5.  Plaintiff was then given the options of filing an

23   amended petition containing only claims challenging his conviction and sentence or an amended

24   complaint containing only claims related to his conditions of confinement.  Id. at 2.  Plaintiff

25   proceeded to file an amended complaint.  ECF No. 10.  This case will therefore proceed as a civil

26   rights action and the Clerk of the Court will be directed to update the docket accordingly.

27   ////

28   ////

                                               1

1      II.      Application to Proceed In Forma Pauperis

2              Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

3      § 1915(a).  ECF No. 9.  Accordingly, the request to proceed in forma pauperis will be granted.

4              Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

5      §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

6      accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

7      the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

8      forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

9      of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

10     These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

11     the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

12     § 1915(b)(2).

13     III.     Complaint

14             A.      Statutory Screening of Prisoner Complaints

15             The court is required to screen complaints brought by prisoners seeking relief against "a

16     governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).

17     The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

18     "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

19     monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

20             A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

21     Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

22     Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

23     theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639,

24     640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

25     stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a

26     constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

27     Franklin, 745 F.2d at 1227-28 (citations omitted).

28             "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

2

claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

B.    Allegations

The complaint identifies Warden, Goncalvez, Johnson, and Gill as defendants.  ECF No. 10 at 1.  Plaintiff alleges that on May 4, 2021, Gill made a threat to his life by refusing to accept plaintiff's inmate grievance related to safety concerns. Id. at 5.  Goncalvez then falsely stated in a declaration submitted in plaintiff's state court case that Johnson determined that Gill did not refuse plaintiff's grievance.  Id. at 3.  Plaintiff also alleges that state court judges and district attorneys Nogaard and Gissing have failed to set a personal appearance hearing or issue

3

1     protective orders.  Id. at 8.

2            C.      Failure to State a Claim

3               i.    Grievances

4        To the extent plaintiff alleges that his due process rights were violated simply by Gill's

5 refusal to accept his appeal, he fails to state a claim because "inmates lack a separate

6 constitutional entitlement to a specific prison grievance procedure."  Ramirez v. Galaza, 334 F.3d

7 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  The prison

8 grievance procedure does not confer any substantive constitutional rights upon inmates and

9 actions in reviewing and denying inmate appeals generally do not serve as a basis for liability

10 under section 1983.  Id.  Accordingly, to the extent plaintiff's claims against Goncalvez and

11 Johnson are based on a response to a grievance, plaintiff fails to state a claim for relief.

12              ii.   Threat to Safety and Equal Protection

13        The complaint indicates that plaintiff is also alleging that the refusal to accept his

14 grievance constituted a threat to his safety and resulted in a violation of his equal protection

15 rights.  ECF No. 10 at 5.  However, plaintiff fails to explain how the refusal to accept his

16 grievance put his safety at risk or denied him equal protection.

17        To state a claim for failure to protect under the Fourteenth Amendment, plaintiff must

18 allege facts showing that:

19
20
21
22
23
> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

24 Gordon v. County of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018).

25        "To state a claim for violation of the Equal Protection Clause, a plaintiff must show that

26 the defendant acted with an intent or purpose to discriminate against him based upon his

27 membership in a protected class."  Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (citing

28 Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)).  Alternatively, a plaintiff may state

1    an equal protection claim if he shows similarly situated individuals were intentionally treated

2    differently without a rational relationship to a legitimate government purpose.  Vill. of

3    Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (citations omitted).

4                                       iii.   Warden

5           Although plaintiff identifies Warden as a defendant, there are no claims against this

6    individual and plaintiff therefore fails to state any claims for relief against them.  See Barren v.

7    Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) ("Liability under § 1983 must be based on the

8    personal involvement of the defendant." (citing May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

9    1980))).  It is further unclear whether "Warden" is the defendant's name or position, as it appears

10   that the designation of "Warden" as a defendant may be a holdover from plaintiff originally filing

11   this action using a habeas petition form.

12                                       iv.   State Court Judges and Prosecutors

13          To the extent plaintiff appears to be attempting to bring claims against state court judges

14   and prosecutors, he fails to identify any of them as defendants or to allege sufficient facts to show

15   how they violated his rights.  Furthermore, it appears from the limited allegations plaintiff makes,

16   that these individuals would be immune from suit.

17          The Supreme Court has held that judges acting within the course and scope of their

18   judicial duties are absolutely immune from liability for damages under § 1983.  Pierson v. Ray,

19   386 U.S. 547, 553-55 (1967).  "A judge will not be deprived of immunity because the action he

20   took was in error, was done maliciously, or was in excess of his authority; rather, he will be

21   subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"  Stump v.

22   Sparkman, 435 U.S. 349, 356-57 (1978) (quoting Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351

23   (1871)).  A judge's jurisdiction is quite broad and its scope is determined by the two-part test

24   articulated in Stump:

25                  The relevant cases demonstrate that the factors determining whether
                    an act by a judge is a "judicial" one relate to [1] the nature of the act
26                  itself, i.e., whether it is a function normally performed by a judge,
                    and [2] to the expectations of the parties, i.e., whether they dealt with
27                  the judge in his judicial capacity.

28   Id. at 362.

                                              5

The allegations that state court judges have refused to order plaintiff's personal appearance at a hearing or issue protective orders address conduct that falls squarely within the scope of functions "normally performed by a judge" and done while acting in the capacity of a judge.  The judges would therefore be absolutely immune from liability under § 1983.

Prosecutors are absolutely immune from liability when performing the traditional functions of an advocate and acts that are "intimately associated with the judicial phase of the criminal process." Kalina v. Fletcher, 522 U.S. 118, 125 (1997) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)).  Plaintiff does not explain how the prosecutors were responsible for his manner of appearance at hearings or the court's decision not to issue protective orders, but to the extent such claims are based on their opposition to any motions plaintiff may have filed, they would be immune from suit.

D.   Leave to Amend

The complaint does not state any cognizable claims for relief and plaintiff will be given an opportunity to file an amended complaint.  If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  The complaint must also allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes any prior complaints.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled

in subsequent amended complaint to preserve appeal).  Once plaintiff files an amended complaint, any previous complaints no longer serve any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

IV.    Miscellaneous Relief

Plaintiff has also filed motions for a protective order, issuance of summons, and temporary restraining order.  ECF Nos. 3, 14.  Because the complaint does not state any cognizable claims for relief, the motion for the issuance of summons will be denied.  With respect to the requests for a protective order and temporary restraining order, plaintiff makes only a general claim that Gill is "making a threat to [his] life and violating [his] rights" and asks the court to issue a protective order.  ECF No. 14 at 1; ECF No. 3.

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).  The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction.  Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted).  The propriety of a request for injunctive relief hinges on a threat of irreparable injury that must be imminent in nature.  See Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." (citing Goldie's Bookstore, Inc. v. Superior Ct., 739 F.2d 466, 472 (9th Cir. 1984))).

////

7

Because plaintiff has failed to state a claim for relief, he cannot show that he has any likelihood of success sufficient to warrant a temporary restraining order.  Furthermore, plaintiff conclusory motions fail to offer any facts that would demonstrate he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, or that an injunction is in the public interest.  The motions should therefore be denied.

V.   Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted.  That means you do not have to pay the entire filing fee now.  You will pay it over time, out of your trust account.

Your complaint will not be served because the facts you alleged are not enough to state a claim.  Denying or refusing to accept your grievance, without more, does not state a claim for relief.  You also have not explained how your safety was threatened or how you were treated discriminated against.  You may amend your complaint to try to fix these problems.  Be sure to provide facts that show exactly what each defendant did to violate your rights or to cause a violation of your rights.

If you choose to file an amended complaint, it must include all claims you want to bring.  Once an amended complaint is filed, the court will not look at any information in the original complaint.  **Any claims and information not in the amended complaint will not be considered.**

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1.   Plaintiff's request for leave to proceed in forma pauperis (ECF No. 9) is GRANTED.

2.   Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3.   The Clerk of the Court is directed to update the docket to reflect that this is a prisoner civil rights action.

4.   Plaintiff's motion for issuance of summons (ECF No. 3) is DENIED.

5.   Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

6.   Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

7.   The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

IT IS FUTHER RECOMMENDED that plaintiff's motions for a protective order or temporary restraining order (ECF Nos. 3, 14) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 6, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE